JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Western World Insurance Company

## DEFENDANTS
G&A Carpentry, Inc.

**(b)** County of Residence of First Listed Plaintiff: Morris County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joel Max Eads, Esq. - Greenberg Traurig, LLP - 215.988.7856
1717 Arch Street, Suite 400, Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: January 5, 2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                                   *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

☐  1. Indemnity Contract, Marine Contract, and All Other Contracts
☐  2. FELA
☐  3. Jones Act-Personal Injury
☐  4. Antitrust
☐  5. Patent
☐  6. Labor-Management Relations
☐  7. Civil Rights
☐  8. Habeas Corpus
☐  9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

☐  1. Insurance Contract and Other Contracts
☐  2. Airplane Personal Injury
☐  3. Assault, Defamation
☐  4. Marine Personal Injury
☐  5. Motor Vehicle Personal Injury
☐  6. Other Personal Injury *(Please specify):* _____
☐  7. Products Liability
☐  8. Products Liability – Asbestos
☐  9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                                   *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, | : : : : |
| Plaintiff, | : Civil Action No. _____ |
| v. | : : : |
| G&A CARPENTRY, INC., | : : |
| Defendant. | : : : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Western World Insurance Company ("Western World"), by its counsel, Greenberg Traurig, LLP, hereby brings this complaint for declaratory relief against defendant G&A Carpentry, Inc. ("G&A") and alleges as follows:

## THE PARTIES

1. Plaintiff Western World is an eligible surplus lines insurance company approved to transact the business of insurance in the Commonwealth of Pennsylvania, organized under the laws of New Hampshire with its principal place of business in Parsippany, New Jersey.

2. Defendant G&A is a Pennsylvania business corporation with its principal place of business located at 1510 Rickert Road, Perkasie, PA 18944.

3. Defendant G&A seeks defense and indemnity as an additional insured under a Western World liability insurance policy in connection with an underlying lawsuit pending in the Philadelphia County Court of Common Pleas captioned *Joao Pedrosouza DaSilva, Administrator of the Estate of Joao Souza DaSilva v. Toll Brothers, Inc., et al.*, CCP Philadelphia County, Pennsylvania, July Term 2021, Civil No. 2353 (the "Underlying Matter" or the "Lawsuit").

4.  Western World is currently providing a defense to G&A in connection with the Underlying Matter, subject to a full and complete written reservation of all rights, including the right to pursue declaratory relief.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this matter because the citizenship of Western World is diverse from the citizenship of G&A and the sum or value of the controversy, exclusive of interest and costs, exceeds the amount of $75,000 (28 U.S.C. § 1332) and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

6.  This Court has personal jurisdiction over defendant G&A because, upon information and belief, it maintains its principal place of business in this judicial district and conducts business in this judicial district.

7.  Venue is appropriate in this district under 28 U.S.C. § 1391(b)(2) because some or all of the transactions and/or occurrences out of which this action arises occurred in this judicial district.

## FACTUAL BACKGROUND

### A.  Allegations of the Underlying Matter

8.  On November 16, 2021, underlying plaintiffs filed their amended complaint in the Underlying Matter alleging that on July 31, 2019, underlying plaintiffs' decedent, Joao Souza DaSilva, suffered fatal injuries while working on the Project "at [301 Corvus]" which "was a residential home, owned by Toll Brothers who also were the general contractor of the project and had responsibility for all facets of the project including but not limited to the safety of the workers who were working at the project." Lawsuit, at ¶¶ 34-35, attached hereto as Exhibit A. Based on public records, of which the Court may take judicial notice, the Project was a new construction

2

condominium development.  *See* April 28, 2015 Declaration of Ravenscliff Village III, A Condominium, publicly available at Delaware County Recorder of Deeds RD BK# 05633-1556, attached hereto as Exhibit B.

9. Underlying plaintiffs also sued G&A for negligence, alleging that G&A was in charge of safety at the Project.  *See id.* at ¶¶ 190-191.

10. Underlying plaintiffs allege that G&A "was aware that open holes in the floor [at 301 Corvus] where there was supposed to be a set of steps leading to the basement can pose serious risks of harm to individuals on the property, including Mr. DaSilva." *Id.* at ¶ 193.

11. Underlying plaintiffs allege that as a direct and proximate result of G&A's carelessness, "Mr. DaSilva, sustained serious catastrophic injuries, conscious pain and suffering and death after a hospital stay." *Id.* at ¶ 207; *see also* Lawsuit, at Count X, Negligence.

12. Underlying plaintiffs also sued CLF Construction, Inc. ("CLF"), alleging that "CLF was providing framing services at the property [301 Corvus] where the project was taking place." Lawsuit at ¶ 71.

13. According to the Underlying Matter, "CLF was obligated to spend the time, effort and money required to ensure any hazardous conditions at the [P]roject, including an open hold with no guardrails where the basement stairway was supposed to have been, were corrected and eliminated." *Id.* at ¶ 74.

14. In the Underlying Matter, defendant Toll Brothers filed cross-claims against, among others, G&A and CLF (the "Cross Claim").  *See* Toll Brothers Cross Claim attached hereto as Exhibit C.

15. Toll Brothers alleged that it "was the general contractor for the construction of townhomes in a subdivision known as Ravenscliff at Media in Media, Pennsylvania." Ex. C, at ¶ 233. Ravenscliff was a new condominium village. *See* Ex. B.

16. In its verified answer to Toll Brothers' Cross Claim, G&A admits the facts of paragraph 233. *See* G&A Answer to Cross Claim of Toll Brothers at ¶ 233, attached hereto as Exhibit D.

17. In fact, Toll Brothers, the project owner and general contractor, avers twelve times that 301 Corvus is a residential "townhome." Ex. C, at ¶¶ 229; 233-234; 283-286.

18. Toll Brothers alleges that G&A "assigned or subcontracted all or a portion of its work at the [Project] to defendant CLF." *Id.* at ¶ 242.

19. Toll Brothers' Cross Claim sues G&A for negligence in connection with the injuries sustained by DaSilva. Ex. C at ¶ 256.

20. In its verified answer, G&A attaches as Exhibit D its letter to CLF and Western World asserting that the "Loss Location" is "Ravencliff Townhomes Media, PA" and states that "[G&A] subcontracted with [CLF] for framing work at the Ravencliff Townhomes." *See* G&A Answer at Exhibit D, attached hereto as Exhibit E.

21. Public records establish that 301 Corvus is the end unit in Ravenscliff Village III, A Condominium, which is a condominium or town home development. *See* Ex. B.

22. The subcontract required CLF to "furnish all labor, material and equipment necessary or reasonably inferable . . . to complete the Project in a workmanlike manner" (the "Subcontract"). *See* CLF & G&A Subcontract at ¶ 1, attached hereto as Exhibit F.

23. Pursuant to the Subcontract, CLF additionally agreed that:

> Before commencing work, Contractor and any subcontractors of every tier will deliver to [G&A] a Certificate of Insurance showing

> that Contractor has in force, and Contractor shall have in force, a comprehensive liability insurance policy with broad form property damage, covering liability assumed by contract, completed operations, explosion, collapse, underground hazard, and products liability, affording $1,000,000.00 in coverage for each occurrence and $2,000,000.00 in the aggregate for property damage or bodily injury. The certificate of Insurance will name [G&A] and the Landlord of the Property who the Project is being constructed for and its affiliates . . . [CLF] shall also maintain Workmen's Compensation insurance in amounts required by law and provide certificates of Insurance naming [G&A], its affiliates, directors, officers and or assigns as Additional Insured.

*Id.* at ¶ 18.

24. Pursuant to the Subcontract, CLF additionally agreed that: "[t]o the fullest extent permitted by law, [CLF] will indemnify, defend and hold [G&A] harmless from all claims, liability and expense including attorneys' fees arising out of or related to the work performed pursuant to this Agreement, any Work Order and/or the contract documents." *See id.* at ¶ 16.

   **B.** **The Western World Policy**

25. CLF is the named insured under Western World commercial general liability policy number NPP8255831, with a policy period of February 19, 2019 to February 19, 2020 (the "Policy"). *See* Policy attached hereto as Exhibit G.

26. The Policy provides, in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.
>
> . . . .

5

  **b.** This insurance applies to 'bodily injury' and 'property damage' only if:

    **(1)** The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

    **(2)** The 'bodily injury' or 'property damage' occurs during the policy period; . . . .

Ex. F, at 36.

  27.  The Policy excludes:

**WW248 (10/16):**
### CONDOMINIUM, TOWN HOME, ROW HOUSE OR TRACT HOME CONSTRUCTION PROJECTS EXCLUSION

This endorsement modifies insurance under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS / COMPLETED OPERATIONS LIABILITY COVERAGE PART 5

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A - Bodily Injury and Property Damage Liability:**

This insurance does not apply to 'bodily injury' or 'property damage' arising from, or in any way related to:

  (1) 'New construction', whether in whole or in part, of a 'condominium or town home project' or 'row house project';

  (2) 'New construction', whether in whole or in part, of more than twenty homes in a 'tract home project';

  . . . .

**C.** The following definitions are added to **Section V - Definitions:**

  'Condominium or town home project' means any residential project in which individual units are located within one or more buildings or structures, the common area of which is owned in undivided interests, while the individual units are owned as separate interests.'

  New construction' means any construction operations performed by you or on your behalf prior to the issuance of a certificate of occupancy. 'New construction' does not include renovation operations to an existing building(s) prior to its recertification for occupancy.

'Row house project' means more than ten individual housing units sharing common sidewalls between them.

'Tract home project' means a development project in which a parcel of land is subdivided into more than twenty lots, tracts, parcels or other division of land for the development, building or sale of freestanding, one, two, three or four family dwellings.

Ex. F, at 21.

28. The Policy further excludes:

**Contractual Liability – Amendments**

This insurance does not apply to any claim for damages resulting:

1. from the sole negligence of the indemnitee . . .

Arising out of any liability assumed under any "insurance contract."

Ex. F, at 16.

29. The Policy also provides, in relevant part:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
The insurance afforded by this policy for 'bodily injury,' 'property damage' and/or 'personal and advertising injury' shall also apply to the 'additional insured' listed below for claims, suits, and/or damages made against the 'additional insured,' but only to the extent the 'additional insured' is being held responsible for the acts, omissions and/or negligence of the 'named insured.'

This insurance afforded shall not apply to claims, suits and/or damages arising out of the acts, omissions and/or negligence of the 'additional insured(s).'

The inclusion of the 'additional insured(s)' shall not operate to increase the Limits of Insurance.

To the extent, if any, that this policy affords coverage to an 'additional insured,' the 'additional insured' is subject to all of the terms of the policy.

Our obligation to provide coverage to an 'additional insured' is further limited by the interest of the 'additional insured' as defined below.

7

Interest of the Additional Insured(s) Defined:

Entity with Whom Insured Does Work Under a Written Contract

For the purpose of this endorsement, the 'named insured' is the person(s) and/or party(ies) designated on the Declarations Page of the policy or on any endorsement. The 'additional insured' is the person(s) and/or party(ies) identified below.

Identity of Additional Insured(s):
GA Carpentry Inc. 1510 Rickert Rd. Perkasie, PA 18944.

*See* General Change Endorsement, attached hereto as Exhibit H.

30. The Policy also includes the following endorsement:

**WHEN OTHER INSURANCE APPLIES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

Section IV – Conditions, Paragraph 4. Other insurance is replaced by the following:

Condition 4. When Other Insurance Applies

If other valid and collectible insurance is available to the insured for a loss covered by this insurance, this insurance shall be excess over any other insurance, whether it be primary, excess, contingent or an any other basis. The only exception will be insurance purchased specifically to apply in excess of the Limits of Insurance shown in the Declarations.

When this insurance is excess, we will have no duty to defend and claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

We will pay only the amount of the loss, if any, that exceeds the sum of:

a. The total amount that all other insurance would pay for the loss in the absence of this insurance; and

8

    b.  The total of all deductible and self-insured amounts under all that other insurance.

Ex. F, at 24.

  31.  In the Underlying Matter, the underlying plaintiffs pursue claims for bodily injury sustained at the Project which was a "tract home project" as defined by the Condominium, Town Home, Row House or Tract Home Construction Projects Exclusion of the Policy because it was a development project involving a parcel of land subdivided into more than twenty lots, tracts, parcels or other division of land for the development, building and sale of freestanding family dwellings.

  32.  Western World therefore owes no duty to defend or indemnify G&A pursuant to the Condominium, Town Home, Row House or Tract Home Construction Projects Exclusion.

  33.  Western World is also under no duty to defend or indemnify G&A to the extent that the underlying plaintiffs' alleged damages result from the sole negligence of G&A.

  34.  Western World is under no duty to defend or indemnify G&A to the extent that the Policy is excess to other insurance available to G&A and because there is no evidence or claim that applicable, other insurance has exhausted.

## COUNT I

**(Declaratory Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*)**

  35.  Western World re-alleges and hereby incorporates by reference the above allegations as if set forth fully herein.

  36.  G&A asserts that it is an additional insured under the Western World Policy.

  37.  Western World asserts that it owes no duty to defend G&A because coverage is excluded by the Condominium, Town Home, Row House or Tract Home Construction Projects Exclusion. *See* Ex. F, at 21.

38. Western World is under no duty to defend G&A to the extent that the damages result solely from G&A's negligence.

39. Western World is under no duty to defend G&A because the Policy is excess to other applicable insurance and there is no evidence of exhaustion.

40. An actual, substantial, and justiciable controversy exists between Western World and G&A involving their respective rights and other legal relations under the Policy.

**WHEREFORE**, Western World respectfully seeks a declaration from the Court that for one or more independent reasons, it has no duty to defend G&A in connection with the Lawsuit.

## COUNT II

**(Declaratory Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*)**

41. Western World re-alleges and hereby incorporates by reference the above allegations as if set forth fully herein.

42. G&A asserts that it is an additional insured under the Western World Policy.

43. Western World asserts that it owes no duty to indemnify G&A because coverage is excluded by the Condominium, Town Home, Row House or Tract Home Construction Projects Exclusion. *See* Ex. F, at 21.

44. Western World is under no duty to indemnify G&A to the extent that the damages result solely from G&A's negligence.

45. Western World is under no duty to indemnify G&A because the Policy is excess to other applicable insurance and there is no evidence of exhaustion.

46. Because there is no duty to defend, as alleged *supra* Count I, there can be no duty to indemnify.

47. An actual, substantial, and justiciable controversy exists between Western World and G&A involving their respective rights and other legal relations under the Policy. *See Kvaerner Metals v. Commercial Union Ins. Co.*, 908 A.2d 888 (Pa. 2006).

**WHEREFORE**, Western World respectfully seeks a declaration from the Court that it has no duty to indemnify G&A for one or more independent reasons in connection with the Lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Western World Insurance Company respectfully demands a declaratory judgment that it has no duty to defend or to indemnify defendant, G&A Carpentry, Inc., in connection with any claims arising out of, or related to, the Lawsuit, as well as any other and additional relief that the Court deems just and appropriate.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Dated: January 5, 2024

/s/ Joel Eads
Joel Eads, Esq. (#72786)
Joel.Eads@gtlaw.com
George J. Farrell, Esq. (#324521)
George.Farrell@gtlaw.com
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Telephone: (215) 988-7856
Facsimile: (215) 988-7801

*Attorneys for Plaintiff*